UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH ROTZ,<br><br>         Plaintiff,<br><br>v.<br><br>SYMETRA FINANCIAL CORPORATION, et al.,<br><br>         Defendants. | Case No.: 15-cv-01647-MMA (DHB)<br><br>**ORDER:**<br><br>**(1) RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (ECF NO. 68); AND**<br><br>**(2) GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL (ECF NO. 69)** |

  Presently before the Court is a Joint Motion for Determination of Discovery Dispute Regarding Privileged Information (ECF No. 68) and a Motion to File Documents Under Seal filed by Defendants Symetra Financial Corporation, Symetra Life Insurance Company, and David Manning (collectively, "Defendants") (ECF No. 69). In the Joint Motion, Defendants seek an order requiring Plaintiff Deborah Rotz ("Plaintiff") to destroy allegedly privileged information in her possession.

  Having considered the parties' written submissions and evidence, the Court **GRANTS IN PART** and **DENIES IN PART** the Joint Motion (ECF No. 68). The Court further **GRANTS** Defendants' Motion to File Documents Under Seal. (ECF No. 69.)

1

## I.   BACKGROUND

Plaintiff commenced this action in San Diego Superior Court on June 15, 2015, and it was removed to federal court on July 23, 2015. (ECF No. 1.) Plaintiff filed a First Amended Complaint on October 29, 2015. (ECF No. 36.) On December 17, 2015, this Court issued a Scheduling Order requiring all fact discovery to be completed by all parties by September 5, 2016. (ECF No. 49 at ¶ 6.) On January 25, 2016, Plaintiff filed a Second Amended Complaint ("SAC"), the operative complaint. (ECF No. 55.) Defendants filed an Answer to the SAC on February 10, 2016. (ECF No. 59.) A Protective Order was issued in this case on March 25, 2016. (ECF No. 64.)

In the SAC, Plaintiff alleges she was employed by Defendants Symetra Financial Corporation and Symetra Life Insurance Company (collectively, the "Corporate Defendants") for more than twenty years as a Regional Group Manager, until they terminated her employment on or about February 13, 2015. (ECF No. 55 at ¶¶ 28, 34.) Plaintiff alleges that, prior to her termination, she made complaints to the Human Resources Relationship Manager for Corporate Defendants "regarding the improper and egregious conduct" directed to Plaintiff by Defendant Manning and the Corporate Defendants' management. (*Id.* at ¶ 30.) "Such conduct included constant and ongoing degrading, insulting, and patronizing comments, as well as ongoing hostile treatment." (*Id.*) Plaintiff alleges the Corporate Defendants failed to conduct an adequate investigation into her complaint. (*Id.* at ¶ 31.)

Shortly after lodging her complaints, Plaintiff claims she was falsely accused "of withholding and concealing information that was allegedly material to issuing a policy for coverage on a potential account," and thereafter unlawfully terminated as a result. (*Id.* at ¶ 32.) She further alleges the Corporate Defendants already possessed the substance of the information they accused Plaintiff of withholding and concealing. (*Id.*) In addition, Plaintiff alleges the information was not material to the issuance of the policy for coverage, as the Corporate Defendants "issued the policy even with the allegedly 'absent'

2

information" and "have collected premiums and will, more likely than not, significantly profit from this account as a result of Plaintiff's efforts." (*Id.*)

In this action, Plaintiff brings the following claims related to her employment with the Corporate Defendants: (1) age discrimination; (2) general discrimination; (3) hostile work environment; (4) wrongful termination; (5) retaliation; (6) breach of express and implied-in-fact contracts not to terminate employment without good cause; (7) defamation and compelled self-defamation; (8) failure to provide accurate itemized wage statements; and (9) penalties under the Private Attorney General Act of 2004.

## II. LEGAL STANDARD

In a federal action based on diversity of citizenship jurisdiction, such as this, state law governs attorney-client privilege claims. *See* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); *Star Editorial, Inc. v. U.S. D. for the Cent. Dist. Of Cal. (Dangerfield)*, 7 F.3d 856, 859 (9th Cir. 1993) (citing Fed. R. Evid. 501); *KL Grp. v. Case, Kay & Lynch*, 829 F.2d 909, 918 (9th Cir. 1987) (citing Fed. R. Evid. 501).

Under California law, "evidentiary privileges such as the attorney-client privilege are governed by statute." *HLC Props., Ltd. v. Super. Ct.*, 35 Cal. 4th 54, 59 (2005) (citing *Moeller v. Super. Ct.*, 16 Cal. 4th 1124, 1129 (1997); Cal. Evid. Code § 911). California Evidence Code sections 950 through 962 provide for the "lawyer-client privilege," which attaches to "confidential communication between client and lawyer" during the course of the attorney-client relationship. Cal. Evid. Code §§ 950-962; *Moeller*, 16 Cal. 4th at 1130; *Roberts v. City of Palmdale*, 5 Cal. 4th 363, 371 (1993). "Confidential communications include information transmitted between attorney and client, and 'a legal opinion formed and the advice given by the lawyer in the course of that relationship.'" *Calvert v. State Bar*, 54 Cal. 3d 765, 779 (1991) (quoting Cal. Evid. Code § 952); *Roberts*, 5 Cal. 4th at 371.

"The client may assert the privilege and refuse to disclose confidential communications as long as the client is the holder of the privilege." *Moeller*, 16 Cal.4th at 1130 (citing Cal. Evid. Code § 954); *HLC Props., Ltd.*, 35 Cal. 4th at 60–61. The client is

"a person who, directly or through an authorized representative, consults a lawyer for the purpose of retaining a lawyer or securing legal service or advice from him in his professional capacity. . . ." Cal. Evid. Code § 951; *see also Hyon v. Selten*, 152 Cal. App. 4th 463, 469 (2007) ("By including 'authorized representative' in the definition of 'client,' the statute extends the [attorney-client] privilege to cover not only communications directly between the client and the attorney but also communications between the client's agents and the attorney."). "A corporation is a person whose confidential communications with its attorney are protected by the attorney-client privilege." *Venture Law Grp. v. Super. Ct.*, 118 Cal. App. 4th 96, 102 (2004) (citations omitted); *see also Costco Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 733 (2009).

"The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of the attorney-client relationship." *Costco Wholesale Corp.*, 47 Cal. 4th at 733; *see also Venture Law Grp.*, 118 Cal. App. 4th at 102. "Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." *Costco Wholesale Corp.*, 47 Cal. 4th at 733 (citing Cal. Evid. Code § 917(a); *see also Wellpoint Health Networks, Inc. v. Super. Ct.*, 59 Cal. App. 4th 110, 123 (1997)).

If a communication serves a "dual purpose, one for transmittal to an attorney in the course of professional employment and one not related to that purpose, the question is which purpose predominates." *McAdam v. State Nat. Ins. Co.*, 15 F. Supp. 3d 1009, 1014 (2014) (citing *Costco Wholesale Corp.*, 47 Cal. 4th at 739-40; *2,022 Ranch L.L.C. v. Super. Ct.*, 113 Cal. App. 4th 1377, 1398 (2003)). "In determining whether a communication is privileged, the Court looks to the dominant purpose of the attorney's work." *Id.* at 1015. The privilege does not apply where an attorney merely gives business advice. *Id.* (citing *Clark v. Super. Ct.*, 196 Cal. App. 4th 37, 37 (2011)). The predominant purpose test is not applied on a document-by-document basis. *Id.* "[I]t is not the dominant purpose of a

particular communication that dictates whether the attorney-client privilege is applicable; rather the issue is what *was the dominant purpose of the relationship*." *Id*. (quoting *Cason v. Federated Life Ins. Co.*, No. 10–cv–0792, 2011 WL 1807427, at *2 (N.D. Cal. Oct. 17, 2011)); *see also Costco Wholesale Corp.*, 47 Cal. 4th at 739-40; *Clark*, 196 Cal. App. 4th at 51; *Umpqua Bank v. First Am. Title Ins. Co.*, No. CIV S-09-3208 WBS EFB, 2011 WL 997212, at *7, n. 1 (E.D. Cal. Mar. 17, 2011)). "If the dominant purpose of the relationship was attorney-client at the time of the communications, they are privileged." *Id*. "If not, they are generally discoverable, though the producing party may request an *in camera* inspection of a particular communication to support a claim that it should be protected nonetheless." *Id*.; *see also Costco Wholesale Corp.*, 47 Cal. 4th at 739-40.

## III. ANALYSIS

In the Joint Motion for Determination of Discovery Dispute Regarding Privileged Information, Defendants seek an order requiring Plaintiff to destroy allegedly privileged information currently in her possession. (ECF No. 68.) Initially, three documents were relevant to the present dispute: (1) an October 9, 2014 email from Plaintiff to Thomas Bittner, Tom Costello, Joseph McKee, and Sandra Alba; and (2) two copies of an April 14, 2014 email from Plaintiff to Ms. Bodmer and Defendant Manning. (ECF No. 68 at pp. 2-3.)[1] Plaintiff does not challenge Defendants' claim the April 14, 2014 emails were inadvertently produced. (*Id*. at p. 5, lines 25-28.) Therefore, as to those emails, the Court **GRANTS** Defendants' request to order Plaintiff to destroy all copies of the emails. As to the remaining email, Plaintiff challenges Defendants' designation of the email as attorney-client privileged. (*Id*. at p. 5.)

---

[1] Defendants' filed a Motion to File under Seal Exhibits A through C attached to the Declaration of Giancarlo Urey (ECF No. 68-1) filed in support of the Joint Motion. (ECF No. 69.) Defendants contend the exhibits "contain documents that seek or reflect advise [sic] from Julie Bodmer, Symetra Life's Associated General Counsel." (*Id*. at p. 1.) Good cause appearing, the Court **GRANTS** the motion.

The email at issue was sent from Plaintiff to Thomas Bittner, Tom Costello, Joseph McKee, and Sandra Alba on October 9, 2014.[2] (ECF No. 68-1 ("Urey Decl.") at ¶ 2, Exh. A.) The email is the last in a chain. (*Id.*) The prior email, also sent October 9, 2014, appears to be from a third party, and asks Plaintiff a business question. (*Id.*) Plaintiff thereafter cut-and-pasted the response of Julie Bodmer into the email at issue sent to Mr. Bittner, Mr. Costello, Mr. McKee and Ms. Alba. When Defendants terminated Plaintiff from her position, she maintained a copy of this email in her possession, and thereafter produced a copy during discovery. (ECF No. 68 at p. 2; Urey Decl. at ¶ 5, Exh. D.)

Defendants argue that because Ms. Bodmer is Defendant Symetra Life Insurance Company's Associate General Counsel, the email is privileged under California law, and therefore must be destroyed. Defendants also claim that Plaintiff was required to return the email when she was terminated pursuant to the employee handbook, which requires employees to safeguard confidential information and not divulge it to outside parties. (*See* Urey Decl. at Exh. H.)

Defendants bear the burden of establishing an attorney-client relationship between Plaintiff and Ms. Bodmer. *See Costco Wholesale Grp.*, 47 Cal. 4th at 740. In support of the present motion, Defendants submit a declaration from their outside counsel stating that Ms. Bodmer is Defendant Symetra Life Insurance Company's Associate General Counsel. (Urey Decl. at ¶ 2.) Previously in this litigation, however, Defendants submitted a declaration from the Senior Vice President of Human Resources and Administration for Defendant Symetra Life Insurance Company attesting that Ms. Bodmer is a Vice President,

---

[2] According to documents previously filed by Defendants in this case, as of August 2015, Julie Bodmer was a Vice President, Associate General Counsel, and Assistant Secretary of the Corporate Defendants. (ECF No. 30-1 ("Holmes Decl.") at ¶¶ 3-4, Exhs. 2, 4.) In addition, Mr. Costello was the Vice President of Stop Loss Sales for Defendant Symetra Life Insurance Company, Mr. Bittner was the Regional Vice President of Stop Loss, and Joseph McKee was a regional manager. (Holmes Decl. at ¶ 4, Exhs. 3, 4.) Defendants have provided no information about Ms. Alba.

Associate General Counsel, *and* Assistant Secretary for the Corporate Defendants.  (*See* Holmes Decl. at ¶¶ 1, 3-4, Exhs. 2, 4.)  Plaintiff asserts that Ms. Bodmer also represents on her "Linkedin" page that she is both a Vice President and Assistant General Counsel.  (ECF No. 68 at p. 5.)

Based on this information, the Court finds that it does not have sufficient information to determine the dominate purpose of the relationship between Ms. Bodmer and Plaintiff.  *Cf. Clark*, 196 Cal. App. 4th at 49 (finding that a party made a substantial showing that communications were made in the course of an attorney-client relationship where the party's counsel "provided a declaration stating the identities of the parties to each of the sets of communications (one of whom was invariably either an in-house attorney or outside counsel) and the general nature of the purpose of the communication (all of which involved obtaining legal advice on a variety of subjects)"); *Gotham City Online, LLC v. Art.com, Inc.*, No. C 14-00991 JSW, 2014 WL 1025120, at *4 (N.D. Cal. Mar. 13, 2014) (finding a party made a prima facie claim of privilege where the party's in-house counsel attested that he and other members of the party's legal department were parties to the communications, he described the general nature of the communications, and he attested the communications were made for the purpose of obtaining or receiving legal advice).  This position is supported by the fact the October 9, 2014 email does not appear to be a legal communication.  Ms. Bodmer's response does not contain any legal analysis and is in response to an apparent non-legal question.  The email appears to be solely a business-related communication, thus leading the Court to question whether the dominant purpose of the relationship between Plaintiff and Ms. Bodmer was a business one, with Ms. Bodmer acting primarily in her capacity as Vice President.

While Plaintiff argues the question before the Court is whether the October 9, 2014 email is a privileged communication, the real issue is the relationship between Ms. Bodmer and Plaintiff.  *See Clark*, 196 Cal. App. 4th at 52 ("The relevant inquiry is not the content of the communication but is instead the *relationship* of the communicators.").  As the Court

has insufficient information to determine that relationship, the Court **DENIES WITHOUT PREJUDICE** Defendants' request to order Plaintiff to destroy the October 9, 2014 email.

The parties, if they so choose, may address the issues raised by the Court in a Second Joint Motion for Determination of Discovery Dispute. Such motion must be filed within ten (10) days of the date of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Joint Motion. (ECF No. 68.) The Court **GRANTS** Defendants' request as to the April 14, 2014 email. Plaintiff must destroy all paper and electronic copies within five (5) days. However, for the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Defendants' request to have Plaintiff to destroy any copies in her possession of the October 9, 2014 email. The Court further **GRANTS** Defendants' Motion to File Documents Under Seal (ECF No. 69) the documents lodged at ECF No. 70.

IT IS SO ORDERED.

Dated: November 14, 2016

LOUISA S PORTER
United States Magistrate Judge